IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00199–EWN–MEH

CONSUMER CRUSADE, INC., a Colorado corporation,

    Plaintiff,

v.

GLACO, INC., a Texas corporation,
PAUL GLASS; its Officer and Director,

    Defendants.

---

# ORDER AND MEMORANDUM OF DECISION

---

This is a Telephone Consumer Protection Act case. Plaintiff Consumer Crusade, Inc. alleges that Defendants Glaco, Inc. and Paul Glass violated the Telephone Consumer Protection Act ("TCPA") by sending unsolicited advertisements via telephone facsimile machines. This matter is before the court on: (1) "Defendants' Motion to Dismiss and Original Answer," filed September 12, 2005; and (2) "Plaintiff's Motion For More Definite Statement Concerning Defendants' Motion to Dismiss," filed October 3, 2005. Jurisdiction is based on 28 U.S.C. § 1332 (2006), diversity of citizenship.

## FACTS

Plaintiff is the assignee of claims based upon alleged violations of the TCPA. (Am. Compl. ¶ 1 [filed June 2, 2005] [hereinafter "Am. Compl."].) Plaintiff alleges that Defendants used a telephone facsimile machine, computer, or other device to "send 311 unsolicited advertisements to telephone facsimile machines in the State of Colorado." (*Id.* ¶ 13.)

On February 3, 2005, Plaintiff filed its initial complaint in this court against Defendants Glaco, Inc. and Mary Glassock. (Compl. [filed Feb. 3, 2005].) Plaintiff asserted three claims against these Defendants. Plaintiff styled these claims as: (1) "injunctive relief," (2) "compensatory damages," (3) and "remedial relief." (*Id.* ¶¶ 9–22.) On June 2, 2005, Plaintiff filed its amended complaint. (Am. Compl.) Plaintiff dropped its claims against Mary Glassock and named Paul Glass as a Defendant. (*Id.*)

On September 12, 2005, Defendants filed a motion to dismiss and original answer. (Defs.' Mot. to Dismiss and Original Answer [filed Sept. 12, 2005] [hereinafter "Def.'s Br."].) Defendants motion briefly states three bases for the court to dismiss Plaintiff's complaint. (*Id.*, *passim*.) The remainder of the submission is an answer to Plaintiff's complaint. (*Id.*) In lieu of filing a response to this motion, Plaintiff filed a motion styled "Plaintiff's Motion For More Definite Statement Concerning Defendants' Motion to Dismiss," on October 3, 2005. (Pl.'s Mot. For More Definite Statement Concerning Defs.' Mot. to Dismiss [filed Oct. 3, 2005] [hereinafter "Pl.'s Br."].) Defendants did not file a response to Plaintiff's motion.

On October 7, 2005, Plaintiff filed a supplement to its motion for a more definite statement concerning Defendants' motion to dismiss. (Pl.'s Supp. to the Mot. For More Definite

Statement of Mot. to Dismiss, and Limited Resp. [filed Oct. 7, 2005] [hereinafter "Pl.'s Supp. to Mot. For More Definite Statement"].) On June 15, 2006, eight months after Plaintiff filed its supplement to the motion for a more definite statement and two months after I initially set this matter for hearing, Defendants filed a response to Plaintiff's supplement and a supplement to their motion to dismiss. (Defs.' Resp. to Pl.'s Mot. For More Definite Statement, and Supp., Concerning Defs.' Mot. to Dismiss and Original Answer [June 15, 2006]; Defs.' Supp. to the Mot. to Dismiss and Original Answer [filed June 15, 2006].) Ironically, Defendants never filed a response to Plaintiff's actual motion.

**ANALYSIS**

*1.   Standard of Review*

From the outset, I note that Defendants have not set forth a proper ground for this court to consider its motion to dismiss. Defendants' motion to dismiss consists of three numbered paragraphs occupying half of one page. (Defs.' Br., *passim*.) Specifically, Defendants' motion states in its entirety:

> 1.   Jurisdiction — Neither Defendant has done business in the State of Colorado nor have [sic] any ties to Colorado that would subject either to this Court's jurisdiction.
> 2.   No Cause of Action — Plaintiff has not stated a cause of action against either Defendant or alleged sufficient grounds in its Amended Complaint to impose any liability upon either Defendant.
> 3.   Claims Not Assignable — Claims under the [TCPA] under which Plaintiff sues are not assignable as a matter of law. All of Plaintiff's claimed illegal faxes, if any, were made to someone other than Plaintiff. Plaintiff was not the recipient of the alleged unsolicited faxes. The necessary and proper plaintiffs are not parties to this lawsuit.

(Defs.' Br. at 1.) Notably, Defendants do not provide any citation to legal authority or Plaintiff's complaint. (*Id.*) I assume for purposes of this Order and Memorandum of Decision that Defendants intended to bring their motion pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(6).

For the purposes of a motion to dismiss under Rule 12(b)(6), a court should only dismiss the claim "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 [10th Cir.1997], *cert. denied*, 522 U.S. 812 [1997]). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 [10th Cir.1999]).

Additionally, Federal Rule of Civil Procedure 12(b)(2) permits a party to file a motion to dismiss for lack of "jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Behagen v. Amateur Basketball Ass'n of the United States of Am.*, 744 F.2d 731, 733 (10th Cir. 1984). When a district court rules on a motion to dismiss for lack of jurisdiction without holding an evidentiary hearing, as in this case, the *prima facie* standard governs its determination. *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). Plaintiff "has the duty to support

jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). "Only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). If parties present conflicting affidavits in support of jurisdiction, the court must resolve all disputed facts and draw all reasonable inferences in the plaintiff's favor. *See Behagen*, 744 F.2d at 733. I address Defendants' motion with respect to Rule 12(b)(6) followed by 12(b)(2) below.

## *2. Defendants' Motion to Dismiss*

### *a. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*

Although not specifically stated, it appears that Defendants' two grounds for dismissal entitled "[n]o cause of action" and "claims not assignable" are properly evaluated under Federal Rule of Civil Procedure 12(b)(6). (Defs.' Br. at 1.)

As stated above, Defendants' motion consists of three paragraphs totaling four sentences. (*Id.*) Specifically, Defendants contend that "[P]laintiff has not stated a cause of action against either Defendant or alleged sufficient grounds . . . to impose any liability upon either Defendant." (*Id.*) Additionally, Defendants contend that Plaintiff's claims are not assignable. (*Id.*) Defendants do not cite to Plaintiff's complaint or legal authority, explain the deficiencies in Plaintiff's complaint, or attach any affidavits to their motion. (*Id.*)

Accepting all the well pled allegations in the complaint as true, as I must, Plaintiff has sufficiently pled a cause of action against Defendants. Plaintiff seeks declaratory and injunctive

relief for violations of the TCPA. (Am. Compl. ¶¶ 9–22.) The TCPA provides in relevant part that:

> [i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States — (c) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . .

47 U.S.C. § 227 (1)(C) (2006). Plaintiff's complaint asserts that it is entitled to declaratory and injunctive relief for using "a telephone facsimile machine, computer or other device to send 311 unsolicited advertisements to telephone facsimile machines in the State of Colorado owned by Plaintiff's assignors." (Am. Compl. ¶¶ 9–15.) Defendants do not offer any argument to the contrary. Accordingly, Defendants' motion to dismiss as to this issue is denied.

Additionally, Defendants' argument that Plaintiff is not the proper party in this lawsuit also fails as a matter of law. (Defs.' Br. at 1.) Defendants do not provide any support for this proposition. (*Id.*) Accordingly, the court does not have any basis to evaluate Defendants' argument. Therefore, Defendants' motion to dismiss as to this issue is denied.

### b.     *Motion to Dismiss Pursuant to Rule 12(b)(2)*

As stated above, Plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Behagen*, 744 F.2d at 733. Plaintiff need only make a *prima facie* showing of jurisdiction. *Id.*

In order for a court to obtain jurisdiction over a non-resident defendant in a diversity action,[1] Plaintiff must establish that (1) jurisdiction is proper under the laws of the forum state, and (2) the exercise of jurisdiction does not offend due process. *Doering v. Copper Mountain, Inc.*, 259 F.3d 1202, 1209 (10th Cir. 2001). Under Colorado law, personal jurisdiction exists only if the requirements of both the state long-arm statute, and due process of law are satisfied. *D & D fuller CATV Constr., Inc. v. Pace*, 780 P.2d 520, 523 (Colo. 1989). The Colorado long-arm statute confers jurisdiction to the fullest extent consistent with due process of law. *Waterval v. Dist. Court In and For El Paso County*, 620 P.2d 5, 8 (Colo. 1980). Consequently, because the long-arm statute imposes no greater limitation than federal due process, I proceed directly to the constitutional analysis. *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998).[2]

---

[1] Plaintiff alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship. (Am. Compl. ¶ 6.) Although not alleged, jurisdiction is also appropriate pursuant to 28 U.S.C. § 1331, federal question jurisdiction. As explained in more detail below, the personal jurisdiction evaluation is identical regardless of whether jurisdiction is premised on diversity of citizenship or federal question. Thus, I evaluate personal jurisdiction based on diversity of citizenship as pled by Plaintiff.

[2] The analysis is the same regardless whether Plaintiff asserts diversity jurisdiction or federal question jurisdiction. In a case such as this, where the federal question arises under a statute that does not provide for nationwide service of process, Rule 4(e) of the Federal Rules of Civil Procedure requires a court to look to the forum state's long arm statute to determine the existence of personal jurisdiction. *Lorelei Corp. v. County of Guadalupe*, 940 F.2d 717, 719–20 (1st Cir. 1991); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626–27 (11th Cir. 1996). As stated above, Colorado's long-arm statute is co-extensive with the Fourteenth Amendment's due process standard. Thus, the personal jurisdiction analysis is the same in this case regardless of whether the court's subject matter jurisdiction rests on federal question jurisdiction or diversity jurisdiction.

"Consistent with due process, a court may exercise personal jurisdiction over a nonresident defendant if minimum contacts exist between the defendant and the forum state such that maintenance of the lawsuit would not offend 'traditional notions of fair play and substantial justice.'" *Doering*, 259 F.3d at 1210 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 [1980]). The minimum contacts standard may be met in one of two ways: (1) specific jurisdiction or (2) general jurisdiction. *Id.*

Specific jurisdiction is predicated on a "defendant's minimum contacts with the forum which give rise to the cause of action." *Kennedy v. Freeman*, 919 F.2d 126, 128 n.2 (10th Cir. 1990). In other words, specific jurisdiction applies when the defendant has a certain amount of minimum contacts with the forum state, when these minimum contacts relate to the cause of action. *See Black's Law Dictionary* 857 (7th ed. 1999). General jurisdiction, on the other hand, "arises when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Thus, with regard to general jurisdiction, if the defendant has a sufficient general connection with the forum state, the defendant need not have any connection with the forum state with respect to the particular cause of action at issue. *See Black's Law Dictionary* 856 (7th ed. 1999). I do not need to address general jurisdiction because Plaintiff alleges that this court only has specific jurisdiction over Defendants.[3]

---

[3] While Plaintiff does not specifically state that this court only has specific jurisdiction over Defendants, it is evident from Plaintiff's supplement to its motion for a more definite statement. (Pl.'s Supp. to the Mot. For More Definite Statement at 3–4.)

As stated above, when deciding a motion to dismiss for lack of personal jurisdiction, the allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. *Am. Land Program Inc. v. Bonaventura Uitgevers Maatschappij, N.V.*, 710 F.2d 1449, 1454 n.2 (10th Cir. 1983). Here, Defendants have not offered any affidavits or evidence to controvert Plaintiff's assertion of jurisdiction. (Defs.' Br., *passim*.) Thus, I must accept all of Plaintiff's allegations in the complaint as true.

Here, Plaintiff has pled facts to suggest that Defendants have sufficient minimum contacts with Colorado and these minimum contacts relate directly to Plaintiff's TCPA claim. (Am. Compl. ¶ 4.) Plaintiff alleges that "Defendants have used a telephone facsimile machine, computer or other device to send 311 unsolicited advertisements to telephone facsimile machines in the State of Colorado owned by Plaintiff's assignors . . . ." (*Id.*) Defendants have not offered any evidence to the contrary. Thus, Plaintiff's complaint sufficiently established this court's jurisdiction over Defendants. Defendants' motion to dismiss as to this claim is denied.

### 3.     *Plaintiff's Motion For A More Definite Statement*

Plaintiff's motion for a more definite statement alleges that "due to the nature of [D]efendants' motion to dismiss, [P]laintiff cannot properly frame an answer." (Pl.'s Br. at 2.) In its certificate of compliance, Plaintiff asserts that "[t]he [P]laintiff's associate said [P]laintiff would either respond to the motion to dismiss as it was, or alternately, seek a more definite statement." (*Id.* at 1.) Plaintiff's Rule 12(e) motion is not the proper vehicle to seek clarification from Defendants because Defendants' Rule 12 motion is not a pleading. Plaintiff's decision to bring

this motion reflects Plaintiff's complete lack of understanding regarding the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 12(e) states in relevant part that:

[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Fed. R. Civ. P. 12(e) (2006). A pleading is defined as "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses." *Black's Law Dictionary* 1173 (7th ed. 1999). Specifically, "the main pleadings are the plaintiff's complaint and the defendant's answer." *Id.* A motion to dismiss is not a pleading. *See* Fed. R. Civ. P. 12(b). Consequently, under Rule 12(e), a motion to dismiss is not a "pleading to which a responsive pleading is permitted." Fed. R. Civ. P. 12(e). Plaintiff's election to submit a "motion for a more definite statement concerning Defendants' motion to dismiss," was not proper. Accordingly, Plaintiff's Rule 12(e) motion is denied.

### 4. *Conclusions*

Based on the foregoing it is therefore

ORDERED as follows:

1.   Defendants' motion to dismiss (# 21) is DENIED.

2.   Plaintiff's motion for a more definite statement concerning Defendants' motion to dismiss (# 24) is DENIED.

3. This action is stayed in all respects pending the Tenth Circuit's resolution of the following matters currently on appeal: (1) *US Fax Law Center, Inc. v. iHire, Inc.*, 362 F. Supp. 2d 1248 (D. Colo. 2005) and *(2) Consumer Crusade, Inc. v. Scientific Research Group., Inc.*, No. Civ. A05–CV–00220–PSF–CBS, 2005 WL 2064403 (D. Colo. Aug. 23, 2005). The parties shall file a written status report every ninety days or promptly after the Tenth Circuit issues rulings in either or both of the aforementioned appeals.

4. The hearing scheduled for Friday, June 30, 2006, is VACATED.

5. The "Unopposed Motion to Continue June 30, 2006 Hearing" (#38) filed June 28, 2006, is DENIED as moot.

Dated this 29th day of June, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge